### Williams *v*. State.

[87 South. 273, No. 21494.]

Jury. *Questions touching qualifications must be propounded by judge and questions for information of counsel by judge or counsel in judge's discretion.*

　　Under rule 10 promulgated by the circuit judges and chancellors under the provisions of chapter 115, Laws 1920, it is obligatory on the trial judge to himself propound all questions asked the jurors on their voir dire touching their qualifications, and whether questions for eliciting information for the guidance of counsel in exercising the right of peremptory challenge shall be propounded by the judge or by counsel must be left to the discretion of the trial judge.

Appeal from circuit court of Simpson county.

Hon. W. H. Hughes, Judge.

Mose Williams was convicted of murder and sentenced to life imprisonment, and he appeals. Affirmed.

*Hilton & Hilton* and *J. P. Edwards,* for appellant.

*Wm. Hemingway,* attorney-general, for the state.

Smith, C. J., delivered the opinion of the court.

We find no reversible error in any, but deem it necessary to respond to only one, of the appellant's many assignments of error.

The jurors were examined touching their qualifications by the trial judge himself. When called on to exercise their peremptory challenges, counsel for the appellant requested permission to further examine the jurors themselves touching their qualifications and also in order to intelligently exercise their right of peremptory challenge. The judge declined to permit them to do this, but offered himself to ask any proper questions not theretofore asked the jurors which counsel might desire. This ruling is assigned for error.

Rule 10 promulgated by the circuit judges and chancellors under the provisions of chapter 115, Laws 1920, makes it obligatory on the trial judge to himself propound all questions asked the jurors on their *voir dire* touching their qualifications, and whether questions for eliciting information for the guidance of counsel in exercising the right of peremptory challenge shall be propounded by the judge or by counsel must be left to the discretion of the trial judge.

In the case of *Hale* v. *State,* 72 Miss. 140, 16 So. 387, relied on by counsel for the appellant, the trial judge refused to propound to the jurors the questions suggested by counsel or to permit counsel to do so.

*Affirmed.*